# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK JAMES SAIZ, | Case No.: 1:18-cv-01603-BAM |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | |
| Defendant. | |

## **INTRODUCTION**

Plaintiff Derek James Saiz ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

Having considered the briefing and record in this matter, the Court finds the decision of the

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

[2] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. Nos. 7, 8.)

1

Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, the Court affirms the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

On January 29, 2015, Plaintiff filed an application for SSI. AR 181-186.[3] In his application, Plaintiff alleged disability beginning September 19, 2014. AR 190, 197. Plaintiff's application was denied initially and on reconsideration and Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). AR 109-121, 124. ALJ Timothy Snelling held a hearing on July 14, 2017, and issued an order denying benefits on November 27, 2017. AR 12-73. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-11. This appeal followed.

**Relevant Hearing Testimony**

The ALJ held a hearing on July 14, 2017, in Fresno, California. Plaintiff was present and represented by his attorney, Robert Ishikawa. Impartial Vocational Expert Cheryl Chandler also appeared. AR 33, 35. The entire hearing testimony was reviewed by the Court but only those portions relevant to the issues on appeal are summarized below. Testimonial evidence will otherwise be referenced as necessary in this Court's decision.

In response to questioning by the ALJ, Plaintiff testified regarding his age, education, and prior work history. AR 38-40. Plaintiff also testified regarding his medical diagnoses and treatments, daily activities, symptoms, and medications in response to questioning by his attorney and by the ALJ. AR 43-57.

Following Plaintiff's testimony, the ALJ elicited testimony from the Vocational Expert ("VE") Cheryl Chandler. AR 68-70. The ALJ asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to assume an individual similar to Plaintiff in age, education, and work experience who was restricted to light work and could lift twenty pounds and carry ten pounds, stand or walk six out of eight hours, and sit six out of eight hours. AR 68, 69. This individual could

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

not climb ladders, ropes, or scaffolding but all other postural activities could be performed on an occasional basis, including climbing ramps and stairs, crouching, crawling, kneeling, and stooping. AR 68. The hypothetical individual could have no more than frequent forceful overhead pushing and pulling or overhead reaching with the dominant left upper extremity, could have no more than occasional operation of left foot controls, and must avoid concentrated exposure to temperature extremes, vibration, dampness, and hazards. AR 68. Further, the hypothetical individual could not understand, remember, or carry out complex and detailed job instructions, maintain attention and concentration for complex and detailed work-related tasks, cope with the stress normally associated with semi-skilled and skilled employment, or make judgments on complex and detailed work-related job assignments. AR 68-69. Finally, this individual could have no more than occasional face-to-face interaction with the general public, with coworkers, and with supervisors. AR 69. The VE testified that this individual could perform work inspecting and hand packaging, as a marker, and a garment sorter. AR 69. The VE testified that these jobs were all categorized as light level with a specific vocational preparation ("SVP") of 2. AR 69.

For the second hypothetical, the ALJ asked the VE to assume the same individual described in the first hypothetical, except this individual could not maintain regular attendance at work or complete a normal workday or work week seven days per quarter or twenty-eight days per calendar year due to chronic left hip pain or left lower extremity pain and left upper extremity pain as well as psychiatric symptoms with associated mental limitations. AR 69-70. The VE testified that there would be no jobs available. AR 70.

Plaintiff's attorney then asked the VE to assume the same limitations in the first hypothetical, but this person, instead of carrying twenty pounds, could lift and carry thirty pounds occasionally and twenty pounds frequently with his right upper extremity and ten pounds occasionally and frequently with his dominant left upper extremity. AR 70. This individual additionally could not perform postural activities of frequent climbing and balancing. AR 70. The VE testified that the same jobs described in response to the first hypothetical would remain available. AR 70.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as

necessary to the Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 12-32. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since January 29, 2015, his application date. AR 17. Further, the ALJ identified exogenous obesity, a history of left hip surgery and hardware placement, internal derangement of the left shoulder, gastritis, mood disorder not otherwise specified, anxiety disorder, bipolar disorder, posttraumatic stress disorder, depression, psychotic disorder, paranoid schizophrenia, borderline personality disorder, and history of amphetamine and marijuana dependence in reported remission as severe impairments. AR 17-18. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 18-19.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, could perform lifting and carrying twenty pounds occasionally and ten pounds frequently, could stand and walk for six hours and sit for six hours in an eight-hour workday with normal breaks, could perform frequent forceful push and pull overhead with his left arm, could frequently reach overhead with his left arm, could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, could not climb ladders, ropes, or scaffolds, could occasionally use left foot controls, must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibration, and workplace hazards such as dangerous machinery or unprotected heights, could have no more than occasional face-to-face interaction with the general public, supervisors, and coworkers, defined as 1/3 of the workday with each group, could not understand, remember, and apply information necessary to perform complex and detailed work tasks, could not maintain concentration, attention, persistence, and pace for complex and detailed work tasks, and could not make judgments on complex and detailed work related job assignments or cope with the stress normally associated with semi-skilled or skilled employment. AR 19-26. With this RFC, the ALJ found that Plaintiff could not perform any past relevant work. AR 26. Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs existing in significant

numbers in the national economy that Plaintiff could perform. AR 26-27. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 27.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

# **DISCUSSION**[4]

On appeal, Plaintiff solely challenges the ALJ's determination at step five of the five-step sequential evaluation process. (Doc. No. 12.) Plaintiff argues that the ALJ's finding that he cannot perform "complex and detailed" tasks is in conflict with the requirements of the representative jobs of hand packaging, marker, and garment sorter suggested by the VE. (Doc. No. 12 at 6.) According to the DOT, these jobs are classified at a Reasoning Level 2, which requires a capacity for "[a]pply[ing] commonsense understanding to carry out detailed . . . written or oral instructions." AR 19. (Doc. No. 12 at 6.) Plaintiff contends that his RFC and the definition of Reasoning Level 2 occupations are therefore in conflict because the ALJ found Plaintiff could not perform "detailed and complex" work tasks while Reasoning Level 2 requires an individual to apply "detailed" instructions." (Doc. No. 12 at 6.) The Commissioner, in turn, argues that the ALJ's RFC finding implies that Plaintiff can perform "simple" work, and the Ninth Circuit has found there is no conflict between Reasoning Level 2 occupations and a finding that an individual can perform "simple, routine, or repetitive work." (Doc. 15 at 4.)

At step five, the ALJ is required to "identify specific jobs existing in substantial numbers in the national economy that [the] claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The ALJ first assesses the claimant's RFC, which is the most the claimant can do despite his physical and mental limitations, and then considers what potential jobs the claimant can perform given his RFC. 20 C.F.R. §§ 404.1545(a)(1), 404.1566, 416.945(a)(1); 416.966. In making this determination, the ALJ "will take administrative notice of 'reliable job information' available from various publications," including the Dictionary of Occupational Titles ("DOT") and will also consider the testimony of VEs. SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000) (citing 20 C.F.R. §§ 404.1566(d)-(e), 416.966(d)-(e)).

Generally, occupational evidence provided by a VE should be consistent with the occupational information supplied by the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). "[T]he

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

6

[ALJ] has an affirmative responsibility to ask about any possible conflict between that VE[ ] evidence and information provided in the DOT." SSR 00-4P, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000); *Massachi,* 486 F.3d at 1152-53. "When there is an apparent unresolved conflict between the VE[ ] evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE[ ] evidence to support" a disability determination. SSR 00-4P, 2000 WL 1898704, at *2. The ALJ must explain the reconciliation in his or her decision. *Id.* at *4. This process "ensure[s] that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT]." *Massachi,* 486 F.3d at 1153. An ALJ's failure to ask the VE whether his or her testimony conflicts with the DOT and, if so, whether there is a reasonable explanation for the conflict is a procedural error. *Id.* at 1153-1154.

Here, although the ALJ's decision noted that he "determined that the [VE's] testimony was consistent with the information contained in the [DOT]," the ALJ did not ask the VE at the hearing whether her testimony conflicted with the DOT. AR 27, 68-70. However, procedural errors such as the one at issue here are subject to a finding of harmless error when there is no conflict between the VE's testimony and the DOT or if the VE provides sufficient support for her conclusions so as to justify any potential conflicts. *Id.* at 1154 n. 19. The Court finds that any error was harmless because there is no conflict between the RFC finding that Plaintiff could not perform "detailed and complex" work tasks and Reasoning Level 2's requirement that an individual be able to apply "detailed but uninvolved written or oral instructions."

The DOT identifies duties for jobs and abilities necessary to perform those jobs, including a General Educational Development" ("GED") definition component which "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Grigsby v. Astrue,* 2010 WL 309013, *2 (C.D. Cal. Jan. 22, 2010). The GED component is comprised of discrete scales, including a scale for "Reasoning Development" ranging from Level 1 to Level 6. *Id.* Level 2 is defined as follows:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

*Id.* (citing DOT, App'x C).

7

In this case, the ALJ adopted the VE's finding that Plaintiff could perform the occupations of hand packaging, marker, and garment sorter, all of which, according to the DOT, require a Reasoning Level of 2. AR 27. DOT § 559.687-074 [hand packaging]; DOT § 369.687-026 [marker]; DOT § 222.687-014 [garment sorter]. The ALJ's RFC finding further stated that Plaintiff cannot perform "detailed and complex" work tasks. AR 19. While Plaintiff contends that these findings conflict due to the ALJ's use of the term "detailed," the conflict Plaintiff suggests "is largely semantic, involving terms and phrases that are not entirely inapposite, but rather differ by a matter of degree." *Barrios v. Astrue,* 2010 WL 3825684, at *7 (E.D. Cal. Sept. 28, 2010). Plaintiff's argument ignores the fact that "no strict match exists between 'detailed instructions,' as listed in Reasoning [Level] 2, and 'detailed' tasks, as defined in an RFC." *Pugh v. Comm'r of Soc. Sec.,* 2019 WL 3936192, at *4 (E.D. Cal. Aug. 20, 2019). The ALJ's use of the term "detailed" is not determinative and the RFC must instead be read holistically. *See Tai Truong v. Saul,* 2019 WL 3288938, at *5 (S.D. Cal. July 19, 2019).

*Meissl v. Barnhart,* 403 F.Supp.2d 981, (C.D. Cal. 2005) is illustrative on this point.[5] *Meissl* held that a limitation to simple and repetitive tasks was consistent with Reasoning Level 2 positions. *Meissl,* 403 F.Supp.2d at 984-85. In reaching this holding, the court explained that while the Social Security regulations provide only two categories of abilities with regard to understanding and remembering instructions— "short and simple" and "detailed" or "complex"—the DOT has six gradations for measuring that ability. *Id.* at 984. Thus,

> to equate the Social Security regulations['] use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity.

---

[5] Courts in this District have consistently relied upon *Meissl* as persuasive authority when addressing conflicts involving reasoning levels. *See, e.g., Moua v. Astrue,* 2009 WL 997104, at *12-13 (E.D. Cal. April 14, 2009) ("[T]his court prefers to follow the well developed reasoning of the Central District in [*Meissl*]."); *Barrios v. Astrue,* 2010 WL 3825684, at *8 (E.D. Cal. Sept. 28, 2010) ("[*Meissl*] has been consistently relied on by this very Court –for over two years—when addressing conflicts involving reasoning levels."); *Eckard v. Astrue,* 2012 WL 669895, at *8 (E.D. Cal. Feb. 29, 2012) ("The Court sees no reason to depart from the continued acceptance of *Meissl.*"); *Gonzales v. Astrue,* 2012 WL 14002, at *10-11 (E.D. Cal. Jan. 4, 2012) ("[*Meissl*] has generally been embraced by other district courts in the Ninth Circuit, including the Eastern District of California, as persuasive authouriry."); *Pugh v. Comm'r of Soc. Sec.,* 2019 WL 3936192, at *4 (E.D. Cal. Aug. 20, 2019) (citing to *Meissl*'s "artfully described" reasoning that a "neat, one-to-one parallel" does not exist between the use of the term "detailed" an RFC finding and the definition of Reasoning Level 2).

*Id.* The *Meissl* court rejected the "neat, one-to-one parallel" that the claimant attempted to draw between the DOT's use of the word "detailed" and the Social Security regulations' use of the word "detailed." *Id.* at 983-84. Instead, the court reasoned that DOT's use of the term "uninvolved" qualified the term "detailed" in defining Reasoning Level 2 and refuted the attempt to equate identical meanings between the two. *Id.* at 984

As noted in *Meissl,* in the definition of Reasoning Level 2, the word "detailed" is modified with the words "but uninvolved." *Meissl,* 403 F.Supp.2d at 984. District courts in this circuit have employed dictionary definitions to determine the meaning of "uninvolved" in the context of Reasoning Level 2, noting that "involved" means "complex" and concluding that "detailed, but uninvolved" instructions consequently consist of non-complex, simple, uncomplicated instructions that do not require a high level of reasoning. *See Tai Truong,* 2019 WL 3288938, at *6 ("This Court agrees that 'uninvolved' means 'non-complex' or 'simple.'"); *Patton v. Astrue,* 2013 WL 70590, at *1 (D. Or. Feb. 25, 2013) ("A task that includes 'detailed, but uninvolved' instructions may consist of a number of steps, none of which are complex."); *Flaherty v. Halter*, 182 F. Supp.2d 824, 850–51 (D. Minn. 2001) ("Although the DOT definition does state that the job requires the understanding to carry out detailed instructions, it specifically caveats that the instructions would be uninvolved—that is, not a high level of reasoning.").

This Court agrees that "uninvolved" means "non-complex," "simple," or "uncomplicated." The "uninvolved" modifier to the term "detailed" must be considered when interpreting the definition of Reasoning Level 2. Thus, the definition of Reasoning Level 2 requires an individual to carry out "detailed" but "non-complex," "simple," or "uncomplicated" instructions.

Here, the ALJ's finding was that Plaintiff could not perform tasks that are both detailed and complex. The ALJ stated Plaintiff could not do "detailed" "**and** complex" work tasks, in formulating Plaintiff's RFC. *See* AR 19. (Emphasis added.) The RFC finding did not preclude Plaintiff performing tasks that are detailed but non-complex. The ALJ's language is consistent with Reasoning Level 2. The requirements of Reasoning Level 2 that an individual be able to carry out "detailed but uninvolved" instructions accordingly do not conflict with the ALJ's RFC finding. The ALJ's failure to ask the VE whether her testimony conflicted with the DOT was therefore harmless error.

9

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Derek James Saiz.

IT IS SO ORDERED.

Dated: **February 21, 2020** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE